1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   JENNIFER L. STENEBERG (State Bar No. 202985)
2  THOMAS E. FRANKOVICH,
   *A Professional Law Corporation*
3  2806 Van Ness Avenue
   San Francisco, CA 94109
4  Telephone:    415/674-8600
   Facsimile:    415/674-9900
5
   Attorneys for Plaintiffs
6  CRAIG YATES
   and DISABILITY RIGHTS
7  ENFORCEMENT, EDUCATION,
   SERVICES: HELPING YOU
8  HELP OTHERS

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12
   CRAIG YATES, an individual; and          )   **CASE NO. C07-1405-WHA**
13 DISABILITY RIGHTS, ENFORCEMENT, )
   EDUCATION, SERVICES:HELPING YOU)          **STIPULATION AND [PROPOSED]**
14 HELP OTHERS, a California public benefit )  **ORDER GRANTING PLAINTIFFS LEAVE**
   corporation,                             )   **TO AMEND THE COMPLAINT**
15                                          )
        Plaintiffs,                         )
16                                          )
                                            )
17 v.                                       )
   BELLI DELI; WILLIAM ROGERS as            )
   TRUSTEE of PEGGY R. VAN ALYEA            )
18 1998 TRUST UTD; DONG J. HOMER and )
   YOUNG B. HOMER individuals dba           )
19 BELLI DELI,                              )
                                            )
20      Defendants.                         )
   _____ )

21
        IT IS HEREBY STIPULATED by the parties hereto that plaintiffs may file the First
22
   Amended Complaint attached hereto as Exhibit "A". The First Amended Complaint adds six
23
   additional visits to the subject Belli Deli, May 9, 2007, June 8, 2007, June 30, 2007, July 8, 2007,
24
   July 13, 2007, and September 21, 2007.
25
        IT IS FURTHER STIPULATED that counsel for defendants WILLIAM ROGERS as
26
   TRUSTEE of PEGGY R. VAN ALYEA 1998 TRUST UTD; DONG J. HOMER and YOUNG
27
   B. HOMER shall not be required to answer the amendment. All denials, responses and
28

STIPULATION RE PLAINTIFFS LEAVE TO AMEND THE COMPLAINT                                    1

1  affirmative defenses contained in the answer filed by defendants WILLIAM ROGERS as

2  TRUSTEE of PEGGY R. VAN ALYEA 1998 TRUST UTD; DONG J. HOMER and YOUNG

3  B. HOMER, to the original complaint shall be responsive to the amended complaint.

4        IT IS FURTHER STIPULATED that this stipulation may be signed in counterparts and

5  sent by facsimile with the same force and effect of an original signature.

6        IT IS SO STIPULATED.

7  Dated:  October 10, 2007            THOMAS E. FRANKOVICH,
                                         *A PROFESSIONAL LAW CORPORATION*

8

9                              By:__/s/_____
                                   Thomas E. Frankovich

10                             Attorney for Plaintiffs CRAIG YATES and
                               DISABILITY RIGHTS ENFORCEMENT,

11                             EDUCATION SERVICES: HELPING YOU
                               HELP OTHERS

12

13 Dated:  October 4, 2007             BLEDSOE, CATHCART, DIESTEL &
14                             PEDERSEN, LLP

15

16                             By:___/s/_____
                               Esther C. Que

17                             Attorney for DONG J. HOMER and YOUNG B.
                               HOMER, and BELLI DELI

18 Dated:  October 3, 2007             PHILLIPS, SPALLAS & ANGSTADT LLP
19

20                             By:___/s/_____
                                 Elisa R. Marcaletti

21                             Attorney for WILLIAM ROGERS as TRUSTEE of
                               PEGGY R. VAN ALYEA 1998 TRUST UTD

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1

## ORDER

2

Pursuant to the parties' stipulation, IT IS ORDERED that plaintiffs may file the First

3

Amended Complaint attached hereto as Exhibit "A".

4

5

Dated: ___October 30____, 2007

6

/s/

7

Hon. William H. Alsup
UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone:     415/674-8600
Facsimile:     415/674-9900
Attorneys for Plaintiffs
CRAIG YATES
and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU
HELP OTHERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU) HELP OTHERS, a California public benefit corporation,<br><br>        Plaintiffs,<br><br>v.<br><br>BELLI DELI; WILLIAM ROGERS as TRUSTEE of PEGGY R. VAN ALYEA 1998 TRUST UTD; DONG J. HOMER and YOUNG B. HOMER individuals dba BELLI DELI,<br><br>        Defendants. | **CASE NO. C07-1405-WHA**<br><u>Civil Rights</u><br><br>**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)<br><br>**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3<br><br>**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*<br><br>**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)<br><br>**DEMAND FOR JURY** |

1   nucleus of operative facts and arising out of the same transactions, are also brought under parallel

2   California law, whose goals are closely tied with the ADA, including but not limited to violations

3   of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

4   *seq.*, including §19959; Title 24 California Building Standards Code.

5       4.    **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

6   founded on the facts that the real property which is the subject of this action is located at/near

7   1304 2nd Street, in the City of San Rafael, County of Marin, State of California, and that

8   plaintiffs' causes of action arose in this county.

9   **PARTIES:**

10      5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically

11  disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

12  disabled", "physically handicapped" and "person with physical disabilities" are used

13  interchangeably, as these words have similar or identical common usage and legal meaning, but

14  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

15  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other

16  statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff

17  CRAIG YATES is a "person with physical disabilities", as defined by all applicable California

18  and United States laws.  Plaintiff CRAIG YATES is a paraplegic Plaintiff CRAIG YATES

19  requires the use of a wheelchair to travel about in public.  Consequently, plaintiff CRAIG

20  YATES is a member of that portion of the public whose rights are protected by the provisions of

21  Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically

22  Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and

23  51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42

24  U.S.C. §12101, *et seq.*

25      6.    Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

26  HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

27  with persons with disabilities to empower them to be independent in American society.  DREES

28  accomplishes its goals and purposes through education on disability issues, enforcement of the

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of defendants BELLI DELI; WILLIAM ROGERS as TRUSTEE of PEGGY R. VAN ALYEA 1998 TRUST UTD; DONG J. HOMER and YOUNG B. HOMER individuals dba BELLI DELI and allege as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are members, for failure to remove architectural barriers structural in nature at defendants' BELLI DELI, a place of public accommodation, thereby discriminatorily denying plaintiffs and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2.      Plaintiff CRAIG YATES is a person with physical disabilities who, on or about August 1, 2006, August 29, 2006, January 25, 2007, May 9, 2007, June 8, 2007, June 30, 2007, July 8, 2007, July 13, 2007 and September 21, 2007, was an invitee, guest, patron, customer at defendants' BELLI DELI, in the City of San Rafael, California.  At said time and place, defendants failed to provide proper legal access to the delicatessen and market, which is a "public accommodation" and/or a "public facility" including, but not limited entrance, parking, path of travel, and restroom.  The denial of access was in violation of both federal and California legal requirements, and plaintiff CRAIG YATES suffered violation of his civil rights to full and equal access, and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.      **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  rights of persons with disabilities, and the provision of services to persons with disabilities, the

2  general public, public agencies and the private business sector.  DREES brings this action on

3  behalf of its members, many of whom are persons with physical disabilities and whom have

4  standing in their right to bring this action.

5       7.    That members of DREES, like plaintiff CRAIG YATES, will or have been guests

6  and invitees at the subject BELLI DELI, and that the interests of plaintiff DREES in removing

7  architectural barriers at the subject BELLI DELI advance the purposes of DREES to assure that

8  all public accommodations, including the subject BELLI DELI, are accessible to independent use

9  by mobility-impaired persons.  The relief sought by plaintiff DREES as alleged herein is purely

10  statutory in nature.

11      8.    Defendants WILLIAM ROGERS as TRUSTEE of PEGGY R. VAN ALYEA

12  1998 TRUST UTD, DONG J. HOMER and YOUNG B. HOMER individuals dba BELLI DELI

13  (hereinafter alternatively collectively referred to as "defendants") are the owners and operators,

14  lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public

15  accommodation known as BELLI DELI, located at/near 1304 2nd Street, San Rafael,  California,

16  or of the building and/or buildings which constitute said public accommodation.

17      9.    At all times relevant to this complaint, defendants WILLIAM ROGERS as

18  TRUSTEE of PEGGY R. VAN ALYEA 1998 TRUST UTD, DONG J. HOMER and YOUNG

19  B. HOMER individuals dba BELLI DELI , own and operate in joint venture the subject BELLI

20  DELI as a public accommodation.  This business is open to the general public and conducts

21  business therein.  The business is a "public accommodation" or "public facility" subject to the

22  requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955,

23  *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

24      10.   At all times relevant to this complaint, defendants WILLIAM ROGERS as

25  TRUSTEE of PEGGY R. VAN ALYEA 1998 TRUST UTD; DONG J. HOMER and YOUNG

26  B. HOMER individuals dba BELLI DELI are jointly and severally responsible to identify and

27  ///

28  ///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  remove architectural barriers at the subject pursuant to Code of Federal Regulations title 28,

2  section 36.201(b), which states in pertinent part:

3          **§ 36.201        General**

4        (b) *Landlord and tenant responsibilities.* Both the landlord
   who owns the building that houses a place of public

5  accommodation and the tenant who owns or operates the place of
   public accommodation are public accommodations subject to the

6  requirements of this part.  As between the parties, allocation of
   responsibility for complying with the obligations of this part may

7  be determined by lease or other contract.

8        28 CFR §36.201(b)

9  **PRELIMINARY FACTUAL ALLEGATIONS:**

10        11.     The BELLI DELI, is a delicatessen and market, located at/near 1304 2nd Street,

11  San Rafael, California.  The BELLI DELI, its entrance, parking, path of travel, and restroom, and

12  its other facilities are each a "place of public accommodation or facility" subject to the barrier

13  removal requirements of the Americans with Disabilities Act.  On information and belief, each

14  such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions",

15  each of which has subjected the BELLI DELI and each of its facilities, its entrance, parking, path

16  of travel, and restroom to disability access requirements per the Americans with Disabilities Act

17  Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

18        12.     At all times stated herein, plaintiff CRAIG YATES was a member of DREES.

19        13.     At all times referred to herein and continuing to the present time, defendants, and

20  each of them, advertised, publicized and held out the BELLI DELI as being handicapped

21  accessible and handicapped usable.

22        14.     On or about August 1, 2006, August 29, 2006, January 25, 2007, May 9, 2007,

23  June 8, 2007, June 30, 2007, July 8, 2007, July 13, 2007 and September 21, 2007, plaintiff

24  CRAIG YATES was an invitee and guest at the subject BELLI DELI, for purposes of purchasing

25  food, beverages and sundries.

26        15.     On or about August 1, 2006, plaintiff CRAIG YATES entered the parking lot at

27  BELLI DELI and was unable to find any parking for the disabled. Plaintiff was almost blocked

28  by another vehicle. Plaintiff spoke to that individual and he moved his vehicle.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16.     At said time and place, plaintiff CRAIG YATES wheeled toward the entrance to BELLI DELI and saw that there was no designated path of travel into the deli. That the entrance could be blocked by vehicles. Plaintiff also noticed that the sidewalk in front of BELLI DELI was narrow.  That other tenants of the BELLI DELI building, doors opened out onto the sidewalk which would prevents wheelchair users from using the sidewalk and entering other businesses.

17.     On or about August 8, 2006,  plaintiff CRAIG YATES wrote the landlord and tenant about the above-referenced architectural barriers.

18.     On or about August 17, 2006,  plaintiff CRAIG YATES received a letter from Julie Van Alyea that they and the tenant would be working on the problem.

19.     On or about August 28, 2006, plaintiff CRAIG YATES wrote Julie Van Alyea and suggested that three months should be enough time to remedy the situation.

20.     On or about August 29, 2006, plaintiff CRAIG YATES returned to BELLI DELI. Plaintiff encountered all the referenced architectural barriers stated herein.

21.     On or about September 6, 2006, plaintiff CRAIG YATES received a letter from Julie Van Alyea in substance indicating that remedial measures may start within four to six weeks.

22.     On or about January 25, 2007, plaintiff CRAIG YATES returned to BELLI DELI. Plaintiff CRAIG YATES had difficulty parking and encountered all architectural barriers heretofore referred and then encountered a restroom which was not accessible.

23.     On or about January 25, 2007, Plaintiff CRAIG YATES spoke with an Asian woman at BELLI DELI who represented herself to be one of the managing parties of BELLI DELI.  Plaintiff CRAIG YATES informed her that the restroom was not accessible and inquired as to when the parking would be fixed. She replied in substance that it was the landlord's responsibility.

24.     At said time and place, plaintiff CRAIG YATES formulated an opinion that the landlord and tenant had no intention to identify and remove architectural barriers.

///

///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    25.    On or about May 9, 2007, June 8, 2007, June 30, 2007, plaintiff CRAIG YATES

2    returned to the BELLI DELI and encountered all of the same architectural barriers referenced

3    herein.

4    26.    On or about July 8, 2007, plaintiff CRAIG YATES was able to park in a handicap

5    van accessible stall at Belli Deli.  Plaintiff CRAIG YATES proceeded to have food and

6    beverage.  Plaintiff CRAIG YATES then needed to use the restroom.  Plaintiff CRAIG YATES

7    requested to use the restroom, but an Asian woman informed him in substance, that it was still

8    not accessible and that she was awaiting permits to do the remedial work.

9    27.    On or about July 13, 2007, plaintiff CRAIG YATES patronized BELLI DELI.

10    Plaintiff used the services of BELLI DELI and then asked to use the restroom.  The same Asian

11    woman informed him in substance, that the restroom was still not compliant.  Plaintiff CRAIG

12    YATES then left.

13    28.     On or about September 21, 2007, plaintiff CRAIG YATES returned to BELLI

14    DELI and found that the restroom remained inaccessible.

15    29.    Therefore, at said times and place, plaintiff CRAIG YATES, a person with a

16    disability, encountered the following inaccessible elements of the subject BELLI DELI which

17    constituted architectural barriers and a denial of the proper and legally-required access to a public

18    accommodation to persons with physical disabilities including, but not limited to:

19            a.    lack of disabled van accessible parking stall(s);

20            b.    lack of handicapped accessible parking signage;

21            c.    lack of tow-a-way signage;

22            d.    lack of an accessible entrance free from vehicles blocking it;

23            e.    lack of a handicapped-accessible women's public restroom;

24            f.    lack of clear paths of travel along the sidewalk of BELLI DELI;

25            g.    On personal knowledge, information and belief, other public facilities and
             elements too numerous to list were improperly inaccessible for use by
26            persons with physical disabilities.

27    ///

28    ///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

30.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

31.     Defendants were sent multiple letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting that they be removed. Some five months later after communicating with defendants the architectural barriers had not been removed . Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.  Defendants' failure to take corrective measures evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

32.     At all times stated herein, defendants, and each of them, were "negligent per se" in not removing architectural barriers determined by the Department of Justice to be considered a safety concern/safety hazard where it was readily achievable for said public accommodation to remove barriers. The barriers and those requirements for barrier removal are found in 28 CFR 36, and the building code to be followed is in appendix "A", referred to as "ADAAG". Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury.

33.     As a legal result of defendants WILLIAM ROGERS as TRUSTEE of PEGGY R. VAN ALYEA 1998 TRUST UTD; DONG J. HOMER and YOUNG B. HOMER'S failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

34.     As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers), physical

1  discomfort, emotional distress, mental distress, mental suffering, mental anguish, which includes,

2  but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry,

3  expectedly and naturally associated with a person with physical disabilities being denied access,

4  all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No

5  claim is being made for mental and emotional distress over and above that usually associated

6  with the discrimination and physical injuries claimed, and no expert testimony regarding this

7  usual mental and emotional distress will be presented at trial in support of the claim for damages.

8      35.      Defendants', and each of their, failure to remove the architectural barriers

9  complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public

10  accommodation, and continues to create continuous and repeated exposure to substantially the

11  same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

12      36.      Plaintiff CRAIG YATES and the membership of DREES were denied their rights

13  to equal access to a public facility by defendants WILLIAM ROGERS as TRUSTEE of PEGGY

14  R. VAN ALYEA 1998 TRUST UTD; DONG J. HOMER and YOUNG B. HOMER, because

15  defendants WILLIAM ROGERS as TRUSTEE of PEGGY R. VAN ALYEA 1998 TRUST UTD;

16  DONG J. HOMER and YOUNG B. HOMER  maintained a deli without access for persons with

17  physical disabilities to its facilities, including but not limited to the entrance, parking, path of

18  travel, and restroom, and other public areas as stated herein and continue to the date of filing this

19  complaint to deny equal access to plaintiffs and other persons with physical disabilities in these

20  and other ways.

21      37.      On information and belief, construction alterations carried out by defendants have

22  also triggered access requirements under both California law and the Americans with Disabilities

23  Act of 1990.

24      38.      Plaintiffs, as described hereinbelow, seek injunctive relief to require the BELLI

25  DELI to be made accessible to meet the requirements of both California law and the Americans

26  with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the

27  deli as a public facility.  Plaintiffs seek damages for violation of their civil rights on August 1,

28  2006, August 29, 2006, January 25, 2007, May 9, 2007, June 8, 2007, June 30, 2007, July 8,

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2007, July 13, 2007 and September 21, 2007, and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that plaintiff CRAIG YATES was deterred from returning to the because of his knowledge and belief that the premises was and remains inaccessible to persons with disabilities.

39. On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

40. Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein. Plaintiffs seek an order from this court compelling defendants to make the BELLI DELI accessible to persons with disabilities.

41. On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a trembling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators of other markets, grocery stores, delis and other public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

42. Plaintiffs are informed and believe and therefore allege that defendants WILLIAM ROGERS as TRUSTEE of PEGGY R. VAN ALYEA 1998 TRUST UTD; DONG J. HOMER and YOUNG B. HOMER, and each of them, caused the subject building(s) which constitute the

1   BELLI DELI to be constructed, altered and maintained in such a manner that persons with

2   physical disabilities were denied full and equal access to, within and throughout said building(s)

3   of the deli and were denied full and equal use of said public facilities.  Furthermore, on

4   information and belief, defendants have continued to maintain and operate said deli and/or its

5   building(s) in such conditions up to the present time, despite actual and constructive notice to

6   such defendants that the configuration of BELLI DELI and/or its building(s) is in violation of the

7   civil rights of persons with physical disabilities, such as plaintiff CRAIG YATES, the

8   membership of plaintiff DREES and the disability community which DREES serves.  Such

9   construction, modification, ownership, operation, maintenance and practices of such public

10  facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and

11  the ADA, 42 U.S.C. §12101, *et seq.*

12       43.    On personal knowledge, information and belief, the basis of defendants' actual

13  and constructive notice that the physical configuration of the facilities including, but not limited

14  to, architectural barriers constituting the deli and/or building(s) was in violation of the civil rights

15  of persons with physical disabilities, such as plaintiffs, includes, but is not limited to,

16  communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other

17  businesses, notices they obtained from governmental agencies upon modification, improvement,

18  or substantial repair of the subject premises and other properties owned by these defendants,

19  newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990

20  and other access laws, public service announcements by former U.S. Attorney General Janet

21  Reno between 1993 and 2000, and other similar information.  Defendants' failure, under state

22  and federal law, to make the BELLI DELI accessible is further evidence of defendants' conscious

23  disregard for the rights of plaintiff and other similarly situated persons with disabilities.  Despite

24  being informed of such effect on plaintiff and other persons with physical disabilities due to the

25  lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to

26  take any steps to rectify the situation and to provide full and equal access for plaintiffs and other

27  persons with physical disabilities to the BELLI DELI. Said defendants, and each of them, have

28  continued such practices, in conscious disregard for the rights of plaintiffs and other persons with

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

physical disabilities, up to the date of filing of this complaint, and continuing thereon.

Defendants had further actual knowledge of the architectural barriers referred to herein by virtue

of the demand letter addressed to the defendants and served concurrently with the summons and

complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiffs and

other persons with physical disabilities, constitutes despicable conduct in conscious disregard of

the rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition

of treble damages per Civil Code §§52 and 54.3.

44.     Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and

the disability community which it serves, consisting of persons with disabilities, would, could

and will return to the subject public accommodation when it is made accessible to persons with

disabilities.

**I.      FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
          ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
          DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
          (On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
          EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
          benefit corporation and Against Defendants WILLIAM ROGERS as TRUSTEE of
          PEGGY R. VAN ALYEA 1998 TRUST UTD; DONG J. HOMER and YOUNG B.
          HOMER, inclusive)
          (42 U.S.C. §12101, *et seq.*)

45.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

the allegations contained in paragraphs 1 through 44 of this complaint.

46.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

§12101 regarding persons with physical disabilities, finding that laws were needed to more fully

protect:

> some 43 million Americans with one or more physical or mental
> disabilities; [that] historically society has tended to isolate and
> segregate individuals with disabilities; [that] such forms of
> discrimination against individuals with disabilities continue to be a
> serious and pervasive social problem; [that] the nation's proper
> goals regarding individuals with disabilities are to assure equality
> of opportunity, full participation, independent living and economic
> self-sufficiency for such individuals; [and that] the continuing
> existence of unfair and unnecessary discrimination and prejudice
> denies people with disabilities the opportunity to compete on an
> equal basis and to pursue those opportunities for which our free
> society is justifiably famous.

47.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

48.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ...
>
> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment.

42 U.S.C. §12181(7)(E)

49.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

50.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

       (ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

       (iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

       (iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

       (v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

51.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of BELLI DELI pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

52.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

53.     On information and belief, construction work on, and modifications of, the subject building(s) of BELLI DELI occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

54.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

55.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions".  Pursuant to this section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about September 21, 2007, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

1  facilities readily accessible to and usable by individuals with disabilities to the extent required by

2  this title".

3         56.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights

4  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

5  the Americans with Disabilities Act of 1990, including but not limited to an order granting

6  injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being

7  deemed to be the prevailing party.

8        Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

9  **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
      IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
10  (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
    EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
11  benefit corporation, and Against Defendants WILLIAM ROGERS as TRUSTEE of
    PEGGY R. VAN ALYEA 1998 TRUST UTD; DONG J. HOMER and YOUNG B.
12  HOMER, inclusive)
    (California Civil Code §§54, 54.1, 54.3, *et seq.*)

13        57.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

14  allegations contained in paragraphs 1 through 56 of this complaint.

15        58.    At all times relevant to this action, California Civil Code §54 has provided that

16  persons with physical disabilities are not to be discriminated against because of physical

17  handicap or disability.  This section provides that:

18                (a) Individuals with disabilities . . . have the same rights as

19  the general public to full and free use of the streets, highways,
sidewalks, walkways, public buildings, medical facilities, including

20  hospitals, clinics, and physicians' offices, and other public places.

21        59.    California Civil Code §54.1 provides that persons with disabilities shall not be

22  denied full and equal access to places of public accommodation or facilities:

23                (a)(1) Individuals with disabilities shall be entitled to full
and equal access, as other members of the general public, to

24  accommodations, advantages, facilities, medical facilities,
including hospitals, clinics, and physicians' offices, and privileges

25  of all common carriers, airplanes, motor vehicles, railroad trains,
motorbuses, streetcars, boats, or any other public conveyances or

26  modes of transportation (whether private, public, franchised,
licensed, contracted, or otherwise provided), telephone facilities,

27  adoption agencies, private schools, hotels, lodging places, places of
public accommodation, amusement or resort, and other places to

28  which the general public is invited, subject only to the conditions

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

60.    California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

61.    Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of §§54 and 54.1.  Plaintiffs have been and continue to be denied full and equal access to defendants' WILLIAM ROGERS as TRUSTEE of PEGGY R. VAN ALYEA 1998 TRUST UTD; DONG J. HOMER and YOUNG B. HOMER.  As a legal result, plaintiffs are entitled to seek damages pursuant to California Civil Code §54.3(a) for each day on which they visited or have been deterred from visiting the BELLI DELI because of their knowledge and belief that the BELLI DELI is inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

62.     On or about August 1, 2006, August 29, 2006, January 25, 2007, May 9, 2007, June 8, 2007, June 30, 2007, July 8, 2007, July 13, 2007 and September 21, 2007, plaintiff CRAIG YATES suffered violations of §§54 and 54.1 of the Civil Code in that plaintiff CRAIG YATES was denied access to entrance, parking, path of travel, and restroom and other public facilities as stated herein at the BELLI DELI and on the basis that plaintiff CRAIG YATES was a person with physical disabilities.

63.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to rights under §§54, 54.1 and 54.3, Civil Code, and plaintiff CRAIG YATES suffered physical discomfort, bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers), emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

64.     Plaintiffs have been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or about August 1, 2006, August 29, 2006, January 25, 2007, May 9, 2007, June 8, 2007, June 30, 2007, July 8, 2007, July 13, 2007 and September 21, 2007, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

65.    As a result of defendants', and each of their, acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to the provisions of §54.3 and §55 of the Civil Code, plaintiffs therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2   **III.   THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
    (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants WILLIAM ROGERS as TRUSTEE of PEGGY R. VAN ALYEA 1998 TRUST UTD; DONG J. HOMER and YOUNG B. HOMER, inclusive)
    (Health & Safety Code §19955, *et seq.*)

6   66.   Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

7   the allegations contained in paragraphs 1 through 65 of this complaint.

8   67.   Health & Safety Code §19955 provides in pertinent part:

9   The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

15  68.   Health & Safety Code §19956, which appears in the same chapter as §19955,

16  provides in pertinent part, "accommodations constructed in this state shall conform to the

17  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

18  Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

19  public accommodations constructed or altered after that date.  On information and belief,

20  portions of the BELLI DELI and/or of the building(s) were constructed and/or altered after July

21  1, 1970, and substantial portions of the BELLI DELI and/or the building(s) had alterations,

22  structural repairs, and/or additions made to such public accommodations after July 1, 1970,

23  thereby requiring said BELLI DELI and/or building to be subject to the requirements of Part 5.5,

24  §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions

25  per Health & Safety Code §19959.

26  69.   Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

27  Architect promulgated regulations for the enforcement of these provisions.  Effective July 1,

28  1982, Title 24 of the California Building Standards Code adopted the California State Architect's

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20

Regulations and these regulations must be complied with as to any alterations and/or modifications of BELLI DELI and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

70. Delis such as the BELLI DELI are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

71. As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities.

72. Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)). Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

73.     Plaintiffs seek injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

**IV.     FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants WILLIAM ROGERS as TRUSTEE of PEGGY R. VAN ALYEA 1998 TRUST UTD; DONG J. HOMER and YOUNG B. HOMER, inclusive)
(Civil Code §51, 51.5)

74.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 73 of this complaint.

75.     Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

This section shall be known, and may be cited, as the Unruh Civil Rights Act.

All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

76.   The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

77.   Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section".  Plaintiffs accordingly incorporate

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

the entirety of their above cause of action for violation of the Americans with Disabilities Act at §45, *et seq.*, as if repled herein.

78.     As a legal result of the violation of plaintiff CRAIG YATES' civil rights as hereinabove described, plaintiff CRAIG YATES has suffered general damages, bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers) physical injury, emotional distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs).  Plaintiffs CRAIG YATES and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.      PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants WILLIAM ROGERS as TRUSTEE of PEGGY R. VAN ALYEA 1998 TRUST UTD; DONG J. HOMER and YOUNG B. HOMER, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.      For injunctive relief, compelling defendants WILLIAM ROGERS as TRUSTEE of PEGGY R. VAN ALYEA 1998 TRUST UTD; DONG J. HOMER and YOUNG B. HOMER, inclusive, to make the BELLI DELI, located at 1304 2nd Street, San Rafael, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.      For such other and further relief as the court may deem proper.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ*.**
(On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants WILLIAM ROGERS as TRUSTEE of PEGGY R. VAN ALYEA 1998 TRUST UTD; DONG J. HOMER and YOUNG B. HOMER, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.      For injunctive relief, compelling defendants WILLIAM ROGERS as TRUSTEE of PEGGY R. VAN ALYEA 1998 TRUST UTD; DONG J. HOMER and YOUNG B. HOMER, inclusive, to make the BELLI DELI, located at 1304 2nd Street, San Rafael, California, readily accessible to and usable by individuals with disabilities, per state law.

2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.      Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.      Treble damages pursuant to Civil Code §54.3;

5.      For all costs of suit;

6.      Prejudgment interest pursuant to Civil Code §3291;

7.      Such other and further relief as the court may deem just and proper.

**III.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ*.**
(On Behalf of Plaintiff CRAIG YATES, and Against Defendants WILLIAM ROGERS as TRUSTEE of PEGGY R. VAN ALYEA 1998 TRUST UTD; DONG J. HOMER and YOUNG B. HOMER, inclusive),
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.      General and compensatory damages according to proof.

///

///

///

///

///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**IV.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants WILLIAM ROGERS as TRUSTEE of PEGGY R. VAN ALYEA 1998 TRUST UTD; DONG J. HOMER and YOUNG B. HOMER, inclusive)
(Health & Safety code §19955, *et seq.*)

    1.    For injunctive relief, compelling defendants WILLIAM ROGERS as TRUSTEE

of PEGGY R. VAN ALYEA 1998 TRUST UTD; DONG J. HOMER and YOUNG B. HOMER,

inclusive, to make the BELLI DELI, located at 1304 2nd Street, San Rafael, California, readily

accessible to and usable by individuals with disabilities, per state law.

    2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55,

and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

    3.    For all costs of suit;

    4.    For prejudgment interest pursuant to Civil Code §3291;

    5.    Such other and further relief as the court may deem just and proper.

**V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants WILLIAM ROGERS as TRUSTEE of PEGGY R. VAN ALYEA 1998 TRUST UTD; DONG J. HOMER and YOUNG B. HOMER, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

    1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident

and for each occasion on which plaintiffs were deterred from returning to the subject public

accommodation;

    2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the

prevailing party;

    3.    Treble damages pursuant to Civil Code §52(a);

    4.    For all costs of suit;

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       5.      Prejudgment interest pursuant to Civil Code §3291; and

2       6.      Such other and further relief as the court may deem just and proper.

**VI.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, and Against Defendants WILLIAM ROGERS as TRUSTEE of PEGGY R. VAN ALYEA 1998 TRUST UTD; DONG J. HOMER and YOUNG B. HOMER, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

       1.      General and compensatory damages to plaintiff CRAIG YATES according to proof.

Dated: October 10, 2007         THOMAS E. FRANKOVICH
                               *A PROFESSIONAL LAW CORPORATION*

                                By: /S/ Thomas E. Frankovich
                                    THOMAS E. FRANKOVICH
                                Attorneys for Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation

## DEMAND FOR JURY TRIAL

       Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: October 10, 2007         THOMAS E. FRANKOVICH
                                  *A PROFESSIONAL LAW CORPORATION*

                                By: /S/ Thomas E. Frankovich
                                    THOMAS E. FRANKOVICH
                                Attorneys for Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation

# EXHIBIT A

Craig Yates
1004 Los Gamos Rd. Unit 3
San Rafael, CA 94903

August 8, 2006

Owner of Building
 Deli Belli
1304 2nd Street
San Rafael, CA 94901

Dear Owner of Building of Deli Belli:

Recently I visited Deli Belli. As I use a wheelchair, I had problems with the lack of parking for the disabled, signage and no entry access. The area to enter can be blocked by a car. When I parked my van, another car parked next to me before I could lower my ramp. I asked the fellow who parked next to me and he moved. I think you need to put van accessible parking and an access aisle in front of your entrance. At the main entrance, I also saw that if any doors to the building are open they block the sidewalk and you can't get in. The landlord and tenants need to get together and fix there things right away. It's really a matter of point. The sidewalks can be widened or make a ramp and access aisle.

I am going to take this one opportunity and only one to have you agree to make Deli Belli accessible. I want to know if you will agree to a written agreement with me to make it accessible. Please let me know in the next 2 weeks. If you will, then tell me exactly what you will do and when it will be done. I think you could fix everything in 3 to 6 months. After I review what you will do, we can decide on the work and date for completion. We can write an agreement between us, fair enough? If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Deli Belli once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please send your letter by FedEx so it doesn't get lost in the mail?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center. You can write to them at Pacific Disability and Business Technical Assistance Center, 555 12th Street, Suite 1030, Oakland, CA 94607-4046. You can also get a hold of them at 1-800-949-4232 (V/TTY) or (510) 285-5600 (V/TTY). Their website is www.pacdbtac.org. You can also get ADA Regulations and Technical Assistance Materials by calling 1-800-514-0301 or go to www.usdoj.gov/crt/ada/adahom1.htm. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.

You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Rd, Unit 3
San Rafael, CA 94903

August 8, 2006

Manager of Deli Belli
1304 2ⁿᵈ Street
San Rafael, CA 94901

Dear Manager of Deli Belli:

Recently I visited Deli Belli. As I use a wheelchair, I had problems with the lack of parking for the disabled, signage and no entry access. The area to enter can be blocked by a car. When I parked my van, another car parked next to me before I could lower my ramp. I asked the fellow who parked next to me and he moved. I think you need to put van accessible parking and an access aisle in front of your entrance. At the main entrance, I also saw that if any doors to the building are open they block the sidewalk and you can't get in. The landlord and tenants need to get together and fix there things right away. It's really a matter of point. The sidewalks can be widened or make a ramp and access aisle.

I am going to take this one opportunity and only one to have you agree to make Deli Belli accessible. I want to know if you will agree to a written agreement with me to make it accessible. Please let me know in the next 2 weeks. If you will, then tell me exactly what you will do and when it will be done. I think you could fix everything in 3 to 6 months. After I review what you will do, we can decide on the work and date for completion. We can write an agreement between us, fair enough? If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Deli Belli once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please send your letter by FedEx so it doesn't get lost in the mail?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center. You can write to them at Pacific Disability and Business Technical Assistance Center, 555 12ᵗʰ Street, Suite 1030, Oakland, CA 94607-4046. You can also get a hold of them at 1-800-949-4232 (V/TTY) or (510) 285-5600 (V/TTY). Their website is www.pacdbtac.org. You can also get ADA Regulations and Technical Assistance Materials by calling 1-800-514-0301 or go to www.usdoj.gov/crt/ada/adahom1.htm. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.

You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

August 17, 2006

Dear Mr. Yates:

I am writing in response to your letter sent to the Belli Deli, dated August 8th, re: the lack of disabled parking available at 1304 2nd Street in San Rafael. I am the "Manager" of the building, in that I am the daughter of the Owner. My mother, Peggy Van Alyea, is unable to manage the building herself due to a disability that keeps her mostly housebound and in and wheelchair.

I am truly sorry for the inconvenience this has caused you. I would like you to know that I am working with the tenant re: this matter.

Sincerely,

Julie V. Alye

Julie Van Alyea
122 Tamal Vista Drive
San Rafael, CA 94901

Craig Yates
1004 Los Gamos Rd. Unit 3
San Rafael, CA 94903


August 28, 2006


Julie Van Alyea
122 Tamal Vista Drive
San Rafael, CA 94901


Dear Ms. Van Alyea:

Thank you for your letter dated August 17, 2006. When can I expect that you will take care of providing van accessible parking and signage? Three months should be plenty of time.

Your mother would also benefit if van accessible parking is provided. I know you can see the obvious. Would you write me back in the next ten days?

Thank you.

Very truly yours,

Craig Yates

2006

Belli Deli
—Potential Yates
Case

9/6/06

Re: 1318 2nd Street, San Rafael, CA

Dear Mr. Yates

Thank you for your letter. Approval of engineer drawings is required to proceed with any work at the above referenced property. As of August 25th, the City of San Rafael has the proposed plan for ADA compliance at this site. The City generally requires 4-6 weeks to review a proposed plan.

While I would love to give you a day this work will be completed, I would ask that you trust this matter will be resolved shortly after the City of San Rafael has reviewed and approved my submitted plans.

Thank you,

Julie Van Alyea